JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant, Barbara Larkin, appeals the judgment of the Hamilton County Municipal Court convicting her of two charges of endangering children. She was convicted of the offenses after a bench trial.
The trial evidence reflected that on a Saturday morning in 2003, Larkin left her residence to get free coats for family members from a local high school. She left ten-year-old Diamond Larkin in charge of two other children, a four-year-old and a nine-year-old autistic child.
Before she left, Barbara Larkin told Diamond that if an emergency arose, she was to call 911. After Barbara Larkin was gone, a man knocked on the door. When Diamond saw that the man had something in his hand, she became afraid and called 911 a number of times.
When a police officer arrived and knocked on the door of the house, Diamond could not see that he was an officer, and she refused to let him in. Eventually, Diamond was made aware that the police were at the door, and she let the responding officers into the residence. The officers found all three children safe. Barbara Larkin returned approximately one hour and fifteen minutes after she had left.
At the close of all the evidence, the trial court acquitted Barbara Larkin of a charge of child endangering relating to Diamond but convicted her of the charges relating to the other two children. In a single assignment of error, Barbara Larkin now argues that the convictions were based on insufficient evidence.
In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
The child-endangering statute, R.C. 2919.22(A), provides that "[n]o person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The term "substantial risk" is defined in R.C. 2901.01(A)(8) as a "strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."
To prove a violation of R.C. 2919.22, the state must establish that the defendant acted "recklessly."[2] R.C. 2901.22 provides that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
In the case at bar, we agree that the state failed to prove a violation of R.C. 2919.22. The evidence indicated that Barbara Larkin left her house for a short time and gave Diamond instructions on what to do if a problem arose. Although Diamond's efforts to contact the police were not without difficulties, she proved herself capable of following her mother's instructions. The children were well cared for and safe when the police arrived. Under these circumstances, we cannot say that Barbara Larkin acted recklessly or that she created a substantial risk to the health or safety of the children. The assignment of error is sustained.
Therefore, the judgment of the trial court is reversed, and Barbara Larkin is discharged from further prosecution with respect to the charges.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Morton (2000), 138 Ohio App.3d 309, 312,741 N.E.2d 202.